Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
John Lord (Bar No. 216111)
jlord@onellp.com
One LLP
23 Corporate Plaza Drive, Ste. 150
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

*Attorneys for Plaintiff,*
HEMBRA NOVELTIES & SOUVENIRS, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEMBRA NOVELTIES & SOUVENIRS, LLC, a California limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>FARMLANE BRANDS, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:22-cv-4262<br><br>**COMPLAINT FOR:**<br>**(1) Declaratory Judgment and Injunctive Relief**<br>**(2) Trademark Registration Cancellation**<br>**(3) Business & Professions Code § 17200**<br>**(4) Common Law Unfair Competition**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Hembra Novelties & Souvenirs LLC ("Hembra" or "Plaintiff"), by and through its attorneys of record, complains against Defendants Farmlane Brands, LLC ("Farmlane") and Does 1 through 10 (collectively "Defendants"), alleging as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for declaratory judgment under 15 U.S.C. § 1114(2)(D)(v), cancellation of defendant's trademark registration, common law unfair competition, and for violations of Business and Professions Code § 17200, and for common law unfair competition.

2. This Court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, 15 U.S.C. § 1114(2)(D)(v), 28 U.S.C. § 1331, 28 U.S.C. § 1338(a)-(b), and through the Defendant's election to submit to jurisdiction in this District. Moreover, this Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) and 28 U.S.C. § 1400(a), in that the claims arise in this judicial district and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

4. Plaintiff Hembra is a California limited liability company with its principal place of business in San Diego, California.

5. On information and belief, Defendant Farmlane is a California limited liability company with its principal place of business in Carpinteria, California.

6. Does 1 through 10, inclusive, are unknown to Hembra, who therefore sues said Defendants by such fictitious names. Hembra will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon

such, alleges that each of the Defendants designated here as a "Doe" is legally responsible in some manner for the events and happenings herein alleged and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## FACTS COMMON TO ALL COUNTS

### Plaintiff Hembra and Its Use of the HEMBRA Trademark and HEMBRAGENECTICS.COM Domain Name

7. Plaintiff Hembra has spent substantial time, money, and effort to develop consumer recognition, goodwill, and awareness of its trademarks. Through the extensive use of its marks, Hembra has built and developed significant goodwill in its goods. Hembra's marks include 'HEMBRA' and 'HEMBRA GENETICS.'

8. Hembra curates a boutique collection of the highest quality genetics of hemp seeds, which feature a hand selected assortment of well-respected heavy hitting breeders as well as up and coming heirlooms. Hembra's business is lawful under Federal law and has even received an opinion from the Department of Justice supporting this conclusion. Among other things, Hembra's seeds have a delta-9-tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis, and thus, are not a controlled substance.

9. Hembra (or its predecessor in interest) has been using the domain name HembraGenetics.com ("Domain Name") since it was registered in September 13, 2018. Aside from its use of the mark HEMBRA in the Domain Name, Hembra (or its predecessor in interest) used the mark continually in interstate commerce for the sale of hemp seeds, among other goods.   At the time, Hembra had no awareness of Defendant or any alleged trademark rights it claims to have. In fact, Hembra started working on a logo containing the HEMBRA mark as early as July 5, 2018.

### Defendant Farmlane Brands and Its Fraud on the USPTO

10. Farmlane Brands contends that it owns a valid registration for the

mark HEMBRA. It holds a registration with the United States Patent and Trademark Office, registration number 5,839,049 ("'049"). The '049 Registration was filed on January 29, 2019, after HEMBRA acquired its domain name.

11. The '049 Registration was acquired by fraud on the United States Patent and Trademark Office. On information and belief, at the time Defendant obtained the registration, marijuana was its main crop, and, as such, it would be prohibited from obtaining a federal trademark registration on such goods. Instead of disclosing Defendant's goods to the USPTO, Defendant purposely misrepresented its goods and services were lawful under federal law to obtain registration, including on January 29, 2019, when Defendant submitted its application for registration. It misrepresented it used the mark for lawful goods and services since January 1, 2018. Had Defendant accurately represented its goods and services to the USPTO, including that it sold marijuana plants and allegedly provided consultation services to third parties regarding the growing of such plants, the USPTO would have rejected the application for registration, and no registration would have issued, a fact that Defendant, as a sophisticated entity cognizant of the strictures of federal law, would have also been aware of.

12. Despite Defendant's fraud on the USPTO, it initiated a Uniform Domain Name Proceeding ("UDRP") against Hembra seeking a transfer on the domain name.

13. In doing so, Defendant contended that it had superior rights to the trademark HEMBRA, and that Hembra had no established and legitimate trademark rights to the HEMBRA; that Hembra registered the Domain Name in bad faith; and that Hembra used the Domain Name in bad faith. Each of these allegations are false and are in controversy. The resulting UDRP decision ignored material facts that, if taken into account, would have required an outcome favorable to Hembra. Instead, it was decided in favor of Farmlane and ordered that the registrar, Google LLC, transfer the Domain Name to Hembra. This decision is

not entitled to any weight in this Court and this Complaint seeks a declaration from the Court prohibiting such transfer as contemplated by 15 U.S.C. § 1114(2)(D)(v).

## FIRST CAUSE OF ACTION

**(Declaratory Judgment and Injunctive Relief, 28 U.S.C. § 2201 & 15 U.S.C. § 1114(2)(D)(v))**

14. Hembra incorporates here by reference the allegations set forth above.

15. An actual controversy exists as to whether the Plaintiff is entitled to the domain name HEMBRAGENETICS.COM under the Anti-Cybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).

16. The ACPA provides a cause of action for a domain name registrant whose domain name has been suspended, disabled, or transferred, whereby the registrant may sue for a declaration that it is not in violation of the ACPA and for injunctive relief.

17. Under 15 U.S.C. § 1114(2)(D)(v), a registrant who is threatened with the loss of its domain name under the UDRP has a cause of action to seek an injunction preventing the transfer of a domain name if the registrant can show it is in compliance with the ACPA. Here, Hembra is threatened with the loss of its domain name because a UDRP decision ordered that the domain be transferred to Defendant. This decision is not entitled to any deference from this Court.

18. Hembra's registration of HEMBRAGENETICS.COM does not violate the ACPA because, *inter alia,* Farmlane does not have established and legitimate trademark rights, including because it committed fraud on the United States Patent and Trademark Office in securing its registration to HEMBRA; Hembra has established and legitimate trademark rights to the HEMBRA; Hembra did not register the Domain Name in bad faith, and; Hembra did not use the Domain Name in bad faith.

19. Plaintiff Hembra is entitled to have the unencumbered use of the Domain Name and to enjoin all suspensions or transfers of the Domain Name.

20. Unless this Court issues a declaratory judgment that Plaintiff is entitled to maintain registration of the Domain Name, and enjoins the transfer of the Domain Name, the transfer of the Domain Name to Farmlane will irreparably damage Hembra. The Plaintiff has no adequate remedy at law.

21. Based upon, *inter alia*, Defendant's fraud and bad faith conduct, as detailed supra, this case is exceptional under 15 U.S.C. § 1117(a) and Plaintiff is entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment, 28 U.S.C. § 2201 & 15 U.S.C. § 1114)

22. Hembra incorporates here by reference the allegations set forth above.

23. An actual controversy exists as to whether the Hembra should be entitled to the domain name HEMBRAGENETICS.COM under the Lanham Act.

24. Defendant contends that Hembra does not have any right to the Domain Name, thus creating adverse legal interests and a threat of litigation.

25. Any prior alleged use of Defendant's trademark was not lawful use in commerce and thus could not support any trademark rights as the Substance Control Act only legalized products having a delta-9-tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis as of December 20, 2018. Hembra was using the HEMBRA trademark as of that date, and upon information and belief, Defendant's products and services fell outside the legalized limits of the Substance Control Act.

26. Hembra's use of the Domain Name is not likely to cause confusion or mistake, or deceive as to the affiliation, connection, or association of the Plaintiff with Defendant, or as to the origin, sponsorship, or approval by Defendant.

27. Based upon, *inter alia*, Defendant's fraud and bad faith conduct, as detailed supra, this case is exceptional under 15 U.S.C. § 1117(a) and Plaintiff is entitled to an award of attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### (Cancellation of U.S. Reg. No. 5,839,049, 15 U.S.C. § 1064)

28. Hembra incorporates here by reference the allegations as set forth above.

29. The Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to order cancellation of Defendant's registration. On January 29, 2019, Defendant received U.S. Registration No. 5,839,049 for the mark HEMBRA. Defendant purposely represented its goods and services were lawful under Federal law to obtain registration, including on January 29, 2019, when Defendant submitted its application for registration. Upon information and belief, Defendant inaccurately and fraudulently represented that its goods and services were for "Business consulting services in the agricultural field."  Further, to support the trademark application, upon information and belief, Defendant submitted a specimen that was not in use at the time of filing the application.  Had Defendant accurately represented its services to the USPTO, including that it sold marijuana plants, and submitted a specimen of use showing the actual goods and services associated with the trademark, the USPTO would have rejected the application for registration, and no registration would have issued.

30. Upon information and belief, and upon that basis, Hembra alleges that Defendant did not render the lawful services as described in the application. A registration cannot validly issue until the subject mark is used in commerce for the lawful activity described. However, because Defendant misrepresented the lawful nature of its good and services, the application passed to registration on August 20, 2019, and received U.S. Registration No. 5,839,049.

31. Defendant did not disclose its unlawful goods and services, because doing so would prevent the registration of its trademark. Defendant's misrepresentations were done with the intent to deceive the U.S. Trademark Office, or in the alternative, with reckless disregard of the veracity of statements

contained in the application declaration.

32. The statements made in the application declaration are deceptive and materially affected the Trademark Office's decision to issue the registration and were made with the intent to cause the U.S. Trademark Office to issue a registration, which it did.

33. Further, because Defendant's application was submitted with its knowledge of the falsity of the statements contained therein, and with either the intent to deceive the U.S. Trademark Office or with reckless disregard of the statements, and because the false statement caused the U.S. Trademark Office to grant the registration when it otherwise would not have, Defendant's actions constitute fraud on the U.S. Trademark Office and the registration was fraudulently obtained.

34. For the reasons set forth above, Defendant's registration is invalid and was improperly issued and should be cancelled pursuant to 15 U.S.C. § 1064(3) and 1115(a).

## FOURTH CAUSE OF ACTION

**(Unfair Competition California Business & Professions Code § 17200 et seq.)**

35. Hembra incorporates here by reference the allegations as set forth above.

36. Defendant's conduct as alleged herein constitutes unfair and deceptive acts or practices in the course of a business, trade, or in commerce, in violation of Cal. Bus. & Prof. Code §§ 17200 and 17500, et seq. Among other things, on information and belief, Defendant used its fraudulently obtained trademark registration to obtain unfair and improper advantages, such as insisting that Instagram take down Hembra's Instagram account because, it falsely claimed, Hembra infringed its trademark. The wrongful takedown of Hembra's Instagram account caused substantial damage to its business.

37. Hembra is informed and believes and thereon alleges that as a direct

and proximate result of Defendant's wrongful conduct as described above, Defendant has gained property and revenues properly belonging to Hembra. Hembra therefore seeks restitution of these amounts. Hembra also seek injunctive relief restraining Defendant, its officers, agents, and employees, and all persons acting in concert with them, from further engaging in acts of unfair competition and/or fraudulent business acts against Hembra and its intellectual property.

## FIFTH CAUSE OF ACTION
### (Common Law Unfair Competition)

38. Hembra incorporates here by reference the allegations as set forth above.

39. Defendant's conduct alleged above constitutes and was intended to constitute unfair competition and unlawful and unfair business acts and practices under California's common law.

40. As a direct and proximate result of Defendant's conduct as described herein, Plaintiffs have harmed. On information and belief, Defendant acted with malice, oppression, and fraud, and, as such, Plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hembra respectfully requests the following relief against Defendant as follows:

1. For a declaration that Plaintiff is entitled to maintain its ownership of the domain name HEMBRAGENETICS.COM and is not in violation of the ACPA therefor.

2. For an Order denying the transfer of the domain name to Defendant.

3. For an Order to the Commissioner of Patents and Trademarks to cancel U.S. Registration Nos. 5,839,049;

4. For compensatory damages;

5. For punitive damages;

6. For restitution;

7. For Hembra's reasonable attorney's fees;

8. For all costs of suit; and

9. For such other and further relief as the Court may deem just and equitable.

Dated: July 22, 2022                                **ONE LLP**

By: */s/ Joanna Ardalan*
     Joanna Ardalan
     John Lord

*Attorneys for Plaintiff,*
HEMBRA NOVELTIES & SOUVENIRS, LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable under the law.

Dated: July 22, 2022

**ONE LLP**

By: */s/ Joanna Ardalan*
Joanna Ardalan
John Lord

*Attorneys for Plaintiff,*
HEMBRA NOVELTIES &
SOUVENIRS, LLC